I respectfully dissent from the majority's decision to reverse the Deputy Commissioner and would vote to affirm based on the lack of medical causation and the failure to prove that her job placed plaintiff at an increased risk.
North Carolina law requires that an employee-plaintiff seeking workers' compensation due to an occupational disease establish each and every element of the occupational disease. These elements include the existence of the disease, that the disease is due to causes and conditions characteristic of and peculiar to employee-plaintiff's employment, and that the particular employment conditions place employee-plaintiff at a greater risk than the general public of contracting the disease. Plaintiff did not meet any of these evidentiary burdens.
Plaintiff was initially treated by Dr. Mark McGinnis, an expert in the field of hand injuries and hand surgery, who treats 200 to 300 carpal tunnel patients per year. Although Dr. McGinnis initially
thought plaintiff might suffer from carpal tunnel syndrome, his final diagnosis was that plaintiff did not suffer from carpal tunnel syndrome and he could not to a reasonable degree of medical certainty relate her medical condition to her job. Dr. McGinnis based this diagnosis on plaintiff's normal nerve conduction tests, negative tinel signs, the lack of nocturnal numbness, and the plaintiff's changing complaints of pain.
Upon recommendation of her attorney, plaintiff began treatment with Dr. Anthony Defranzo. Again, all objective testing indicated that the plaintiff did not suffer from carpal tunnel syndrome. Still, Dr. Defranzo diagnosed the plaintiff as suffering from bilateral carpal tunnel syndrome and left epicondylitis and performed surgery. Dr. Defranzo had insufficient and inaccurate information regarding plaintiff's job to testify within a reasonable degree of medical certainty that it placed plaintiff at an increased risk than the general public for developing an occupational disease. During their depositions, Dr. McGinnis and Dr. Defranzo were given the same inaccurate hypothetical question regarding plaintiff's job. The Deputy Commissioner properly did not consider the answers of either doctor to the inaccurate hypothetical question, since it contained facts not in evidence and actually contradicted plaintiff's own testimony at the hearing.
The Deputy Commissioner gave greater weight to the testimony of Dr. McGinnis than that of Dr. Defranzo. Dr. McGinnis opined that the plaintiff did not suffer from an overuse injury based on objective testing. Dr. Defranzo was also unable to find objective evidence showing plaintiff suffered from an overuse injury. Rather, Dr. Defranzo based his diagnosis on the subjective complaints of the plaintiff. Thus, the plaintiff failed to show she suffered from an occupational disease.
Furthermore, plaintiff failed to show that her injuries were due to causes and conditions characteristic of and peculiar to her employment or that her employment conditions placed her at a greater risk than the general public of contracting the disease. Plaintiff's job required her to operate a sewing machine which was self-feeding and pulled the material through without the plaintiff having to force or push material through. Any pulling of the material that the plaintiff did was not constant in nature; rather, the plaintiff merely had to guide the material into the machine. Plaintiff failed to show her condition was due to causes peculiar to her employment or that her employment placed her at an increased risk.
Based upon the forgoing reasons, I respectfully dissent from the majority's decision in this matter and would adopt the Deputy Commissioner's decision in full.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER